FORM TO BE USED BY A PRISONER FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Dwayne McDonald #325-855
NBCI
14100 McMullen Hwy SW
Cumberland, Maryland 21502
(Full name, prison identification number and address of the plaintiff)

v.

Civil Action No. GLR-13-2560
(Leave blank on initial filing to be filled in by Court.)

Chief of Security K. Arnald
Sgt. Gordon, Officer Keefer
Officer Durst
Officer Eagleson
(Full name and address of the defendant(s))

NBCI
14100 McMullen Hwy SW
Cumberland, MD 21502

COMPLAINT

I. Previous lawsuits

A. Have you filed other cases in state or federal court dealing with the same facts as in this case or against the same defendants?

YES ☑   NO ☐

B. If you answered YES, describe that case(s) in the spaces below.

1. Parties to the other case(s):

Plaintiff: Dwayne McDonald

Defendant(s): Kirth Arnald et. al

1983 Complaint (Rev 03/2011)

2. Court (if a federal court name the district; if a state court name the city or county): U.S. DISTRICT COURT Baltimore, Maryland.

3. Case No.: GLR-12-3533

4. Date filed: _____

5. Name of judge that handled the case: George L. Russell, III

6. Disposition (won, dismissed, still pending, on appeal): _____

    Dismissed summary of Judgement

7. Date of disposition: ~~illegible~~

## II. Administrative proceedings

A. If you are a prisoner, did you file a grievance as required by the prison's administrative remedy procedures?

   YES ☑   NO ☐

   1. If you answered YES:

      a. What was the result? Dismissed pending I.I.U investigation

      b. Did you appeal?

         YES ☐   NO ☑

   2. If you answered NO to either of the questions above, explain why:

      Because I still haven't seen I.I.U yet

In The United States District Court For The District of Maryland

Dwayne McDonald # 325-835

V.                                    Civil Action #

Chief of Security Kieth Arnold
Sgt. Justin Gordon
Officer Randolph Keefer
Officer Eric Durst

## Complaint

I do hereby Declare and affirm upon personal knowledge and under the penalties of purjury that these statements are true and correct.

① On 6/28/13 Officer Randolph Keefer and Officer Eric Durst entered my cell for shake down or cell search. Sgt. Justin Gordon came in last. I was ordered to go to the back of my cell and I complied.

② While I was handing my clothing to officer Keefer he began to make Racial threatening statements to get me upset. But I kept quite and complied with all orders.

③ When I did not see the handheld camcorder I began

(B)

to ~~FEEL~~ FEAR. Inmates are to be under the surveillance of a camera at all times for the safety of the inmates and the officials.

Office's can and have been getting away with assaulting inmates when they are not under the surveillance of a camera. In my case a camera is to be present because the tier camera can not see inside the cell's at all. These officials intentionally did not have a camera present, they disobeyed their security policy

I was told to turn around and get Dress I did so. I stated to these officials that I'm to be cuffed in the front with a box connected. They laughed and looked at each other.

I was then told to turn and face the wall, and I did so, while continuing to state that my order to be cuffed in the front with box is on my table. I was told to shut the fuck up by Sgt. Justin Gordon. I was then told to place my hands behind my back. I stated I can not do so without injuring myself.

I then was struck in the back of my head and I went down. There was alot of blows to my facial area. I was kneed in my ribs my back and temple. I was trying to cover my face but failed in trying.

I climbed to my bunk and crawled on top they pursued me cussing and stuff telling me to put my hands behind my back. I was yelling for help.

(9)

(1) There was no use of mace used in this incident that they caused. Which shows that there was no agressiveness by me, and it was them who was agressive at all times. They forcefully put my hands behind my back and cuffed me. They snatched me to my feet forced my head down and I could hardly breath. They had my arms forcefully up in the air trying to cause me more injury on my door it's state I'm to be front cuffed with box. Every officer that come to my cell look at my paper work to see what kind of paperwork they have if they have any this is done because some people have doctor orders how to be cuffed and if they walk with canes. This is proceedures. See Exhibit one Doctors Orders.

There is no policy that give them the right to escort me in such way, causing harm to me and other inmates like me who can not be cuffed behind there back. They were escorting me to medical room to receive medical care. I was bruised and bloody all over. I was seen by Nurse Carla Buck who didn't do anything for me because the officer's who escorted me was rushing her. She was kind of nervious.

Sgt. Gordon, Officer Durst, and Eagleson are the one's who escorted me to the medical room.

Officer Durst, Eagleson and Sgt. Gordon Lt. Cross escorted me to B-tier cell 31. My water to my toilet was off as well as to my sink. This was a isolation or contingency cell. I had no sheets blanket nor mattress. I was forced to sleep this way for over ten (10) days.

(10)

I was only allowed to Flush my toilet twice the whole time I was in there. I had no toiletries to wash up or brush my teeth. They never allowed me to shower. I complained about my conditions to every shift. They begin to point the finger at Sgt. Gordon because he was Sgt. who place me there and who is Sgt. of the building.

I still have pain in my Ribs, back, Face, head and Ringing in my ears. I had to get X-rays for my rib cage and I had to get a Root canal for my front right tooth that was knock lose by the officers. I Filed Grievance about this incident, but it was Denied, stating that headquarters I.I.U. was investigating the matter.

Chief of security is being sued for failing supervise his officers and make sure that they are properly trained in the use of Force. Chief of security has failed to take steps to ensure the use of Force that his officers were utilizing within the institution was in Compliance with the policy that Govern the use of force.

Chief of security has failed to respond to its knowledge that the use of Force policy was being ignored and not applyed in good faith through out the institution.

Chief Security failure to respond to its knowledge that the use of Force applied against Mr. McDonald was not in compliance with policy caused Mr. McDonald to be in fear of his life and safety at North Branch Correctional Institution.

(11)

Chief of security inactions affirmatively cause Mr. McDonald to be assaulted by his officials.

Chief of security had actual and or constructive knowledge that the use of force that his officials used on Mr. McDonald and other inmates like him in north Branch justify no penological intrest.

Chief of security had actual and or constructive knowledge that his officials were engaged in conduct that posse a pervasive and unreasonable risk of constitutional injury to Mr. Dwayne McDonald.

Mr. McDonald has endured sever pain and suffering due to Defendants assaulting plaintiff intentionally.

Defendants actions violate the eight amendment of the unite states constitution, which protect plaintiff from cruel and unusual punishment.

Plaintiff states that the statements are true and correct to the best of his knowledge.

Wherefore, Plaintiff Dwayne McDonald demands judgement against defendants Chief of security K. Arnold, Officer Randolph Keefer, Officer Eric Durst, Sgt. Justin Gordon and Officer Eayleson and seeks $50,000 in compensatory Damages, $50,000 in punitive Damages, injunctive relief, cost, attorney fee's and any additional Relief the court

(12)

Deems just, proper, and equitable.

Respectfully Submitted
Dwayne McDonald
August 25, 2013

**EXHIBIT 1**

ICU

Name: McDonald, Dwayne   ID#: _____   DOC#: 325835
DOB: 12/16/83   AGE: 28   DOS: _/_/_   UPDATED: 7/25/12

MEDICAL ALERT: REASON   Front Cuff with Black Box
_____

INSTRUCTIONS: _____

## PROGRAM / JOB ASSIGNMENT

☐ Any Activity – May perform any type work and any strenuous sports.

☐ Moderate Activity – Restricted from heavy lifting (50 pounds); No prolonged physical exertion (e.g. excessive running, climbing, manual use of heavy machines, etc.). Restrict from active sports. Acceptable: housekeeping kitchen, laundry, etc.

☐ Light Activity – Restricted from steady pace activity. No lifting over 20 pounds. Acceptable: sweeper runner, light gardening, clerical, etc.

☐ No Work Status – Not under any circumstances due to serious health conditions such as heart or terminal cancer. Self-limit physical activity.

## TRANSFER / HOUSING ASSIGNMENT

☐ Restricted

  ☐ Medical Hold – Evaluation in process, inmate should not be transferred

  ☐ Special Housing – Inmate requires special housing:
  ____ Single Cell  ____ Lower Bunk Only  ____ Close monitoring for: ____

  ☐ Main Building Only – Medications ____ Other: ____

  ☐ Transfer – Transfer is restricted to the following locations: ____

☐ Unrestricted

## THE RESTRICTIONS IN THIS REPORT ARE:

____ Permanent / Indefinite   X Temporary

Anticipated Date Restriction (s) May be Removed: 7/25/13

Duration of Restriction Unknown: 1 year

ADDITIONAL INSTRUCTION / INFORMATION:
Front Cuff with black box

Completed by/Date: 7/25/12    w/o D. Ottey / JB CR

DPSCS Form 130-100IR