**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DWAYNE MCDONALD, #325-835        :

    Plaintiff,                    :

            v              :      Civil Action No. GLR-13-2560

K. ARNALD, et al.,              :

    Defendants.                   :

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendants, Chief of Security Arnald, Sergeant Gordon, Officer Keefer, Officer Eagleson, and Officer Eric Durst's[1] Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 17) and Plaintiff Dwayne McDonald's Motion for Summary Judgment (ECF No. 22) and Motion for Recusal (ECF No. 23). The issues have been fully briefed and no hearing is necessary. See Local Rule 105.6 (D.Md. 2014). For the reasons that follow, Defendants' Motion to Dismiss, or Alternatively, Motion for Summary Judgment will be granted, McDonald's Motion for Summary Judgment in Response to Defendant's Motion to Dismiss will be construed as a response

---

[1] Because Defendant Eric Durst shares the same last name as Randy Durst, North Branch Correctional Institute ("NBCI") Inmate Grievance Office ("IGO") Coordinator, they will be identified by their first and last name for clarity.

in opposition to the Defendants' Motion, and his Motion for Recusal (ECF No. 23) will be denied.

## I. Background[2]

McDonald is an inmate in the custody of the Maryland Department of Public Safety and currently incarcerated at NBCI in Cumberland, Maryland.   On September 3, 2013, McDonald brought this pro se civil rights action under 42 U.S.C. § 1983 alleging he was subjected to verbal harassment, excessive force, poor conditions of confinement, inadequate medical care, and denied access to the courts in violation of the Eighth Amendment.

McDonald alleges he was verbally harassed by Defendants Keefer and Gordon during a search of his cell on June 28, 2013. He further alleges Defendants Keefer, Gordon, and Eric Durst then used excessive and unprovoked force against him, injuring him as a result.   He alleges at the time of the incident he had medical authorization to be handcuffed in front, but when he was escorted to the nurse following the incident he was handcuffed in the back, which caused additional harm.   He alleges he was placed in an isolation cell for ten days following the incident, where he was denied a mattress, sheets, a blanket, or

---

[2] Unless otherwise noted, the following facts are taken from the Complaint, Motion to Dismiss, and Motion for Summary Judgment and are construed in favor of the non-moving party.

toiletries, and permission to shower, regularly flush the toilet, and access his legal mail.

Defendants filed their Motion to Dismiss, or Alternatively, Motion for Summary Judgment on March 24, 2014. (ECF No. 17). The Motion remains unopposed. On May 22, 2014, however, McDonald moved for Summary Judgment in response to Defendants' Motion to Dismiss. (ECF No. 22). On May 23, 2014, McDonald then moved for Recusal. (ECF No. 23). All three Motions are ripe for disposition.

## II. Discussion

### A.   <u>Standard of Review</u>

#### 1. Motion to Dismiss

To survive a Rule 12(b)(6) Motion to Dismiss, a complaint must set forth "a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009); <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678; <u>Twombly</u>, 550 U.S. at 556. In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true. <u>Mylan Labs., Inc. v.</u>

<u>Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993).  A pro se complaint,

> however inartfully pleaded, must be held to
> less stringent standards than formal
> pleadings drafted by lawyers and can only be
> dismissed for failure to state a claim if it
> appears beyond doubt that the plaintiff can
> prove no set of facts in support of his
> claim which would entitle him to relief.

<u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) (quoting <u>Haines v.</u>

<u>Kerner</u>, 404 U.S. 519, 520-21 (1972)) (internal quotation marks

omitted).

    **2.   Summary Judgment**

"When matters outside the pleading are presented to and not

excluded by the court, the 12(b)(6) motion shall be treated as

one for summary judgment and disposed of as provided in Rule

56."  <u>Laughlin v. Metro. Wash. Airports Auth.</u>, 149 F.3d 253,

260-61 (4th Cir. 1998) (quoting Fed.R.Civ.P. 12(b)) (internal

quotation marks omitted).  Under Federal Rule of Civil Procedure

56, the Court must grant summary judgment if the moving party

demonstrates there is no genuine issue as to any material fact,

and it is entitled to judgment as a matter of law.  Fed.R.Civ.P.

56(a).

In reviewing a motion for summary judgment, the Court views

the facts in a light most favorable to the non-moving party.

<u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986)

(citing <u>Adickes v. S. H. Kress & Co.</u>, 398 U.S. 144, 157 (1970)).

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48 (alteration in the original).

A "material fact" is one that might affect the outcome of a party's case. Id. at 248; see also JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir.) (citing Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001)). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; accord Hooven-Lewis, 249 F.3d at 265.

Here, because the Court will consider matters outside of the pleading, Defendants' Motion will be construed as a Motion for Summary Judgment.

### 3.   Motion for Recusal

Under 28 U.S.C. § 455(a), a judge or justice "shall

5

disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[3]   Recusal does not depend on "whether the judge is impartial in fact.   It is simply whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all the circumstances."   United States v. DeTemple, 162 F.3d 279, 286 (4th Cir. 1998) (internal quotation marks omitted) (quoting Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 41 (4th Cir. 1995), cert. denied, 526 U.S. 1137 (1999)).   The Fourth Circuit has thus adopted an objective standard that asks whether a reasonable, well-informed observer who assesses "all the facts and circumstances" might question the judge's impartiality.   Id.   (quoting United States v. Sellers, 566 F.2d 884, 887 (4th Cir. 1977)) (internal quotation marks omitted); see also Sao Paulo State of the Federative Republic of Brazil v. Am. Tobacco Co., Inc., 535 U.S. 229, 232–33 (2002) (per curiam)

---

[3] While McDonald does not specify whether he is relying on 28 U.S.C. § 455(a) or § 144 as a basis for recusal, he is barred from relying on § 144.   Section 144 requires McDonald to, inter alia, file an affidavit to support his Motion for Recusal and submit "a certificate of counsel of record stating that [the affidavit] is made in good faith."   28 U.S.C. § 144.   Here, McDonald does not submit a formal affidavit and he cannot provide the required certificate of counsel because he is proceeding pro se.   See Morse v. Lewis, 54 F.2d 1027, 1032 (4th Cir. 1932) (interpreting predecessor statute to § 144 to require signed certificate by an attorney regularly admitted to practice before that court), cert. denied, 286 U.S. 557 (1932).

("[Section] 455(a) requires judicial recusal if a reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge of his interest or bias in the case" (internal quotation marks and emphasis omitted)).

To succeed on a Motion for Recusal under § 455(a), the alleged bias or prejudice "must, as a general matter, stem from 'a source outside the judicial proceeding at hand.'" Belue v. Leventhal, 640 F.3d 567, 572–73 (4th Cir. 2011) (citing Liteky v. United States, 510 U.S. 540, 545 n.1 (1994)). Conversely, prior judicial rulings, on their own, "almost never constitute a valid basis for a bias or partiality motion," nor do opinions formed by a judge during prior proceedings. United States v. Lentz, 524 F.3d 501, 530 (4th Cir. 2008) (internal quotation marks omitted) (citing Liteky, 510 U.S. at 555). A judge is not required to recuse himself "simply because of unsupported, irrational or highly tenuous speculation." United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003) (internal quotation marks omitted) (citing DeTemple, 162 F.3d at 287).

B. **Analysis**

    1.  **McDonald's Motion for Summary Judgment**

On May 22, 2014, McDonald moved for Summary Judgment in response to Defendants' Motion to Dismiss. Thus, the Court will construe McDonald's Motion for Summary Judgment in Response to

Defendant's Motion to Dismiss as a response in opposition to Defendants' Motion to Dismiss.   To hold otherwise would be to exalt form over substance.   See <u>Monge v. Portofino Ristorante</u>, 751 F.Supp.2d 789, 792 n.1 (D.Md. 2010) (noting that, because Federal Rule of Civil Procedure 1 instructs the Court to construe the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding," the Court should not exalt form over substance (quoting Fed.R.Civ.P. 1)).

**2.   Defendants' Motion to Dismiss**

Defendants argue McDonald failed to exhaust his claims through an available administrative remedy procedure.   The Court agrees.

The Prisoner Litigation Reform Act ("PLRA") provides, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2012). Thus, the PLRA's exhaustion requirement requires inmates to pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. <u>Chase v. Peay</u>, 286 F.Supp.2d 523, 530 (D.Md. 2003), <u>aff'd</u> 98

F.App'x 253 (4th Cir. 2004).   Exhaustion is required even if the relief sought is not attainable through resort to the administrative remedy procedure.   <u>Booth v. Churner</u>, 532 U.S. 731, 740-41 (2001).

The Maryland Division of Corrections provides inmates three stages in the administrative remedies process.   <u>Chase</u>, 286 F.Supp.2d at 529 n.10.   First, an inmate may file a Request for Administrative Remedy ("ARP") with the Warden of the institution where the inmate is incarcerated.   <u>Id.</u>   If this Request is denied, the inmate has ten calendar days to file an appeal with the Commissioner of Correction.   <u>Id.</u>   If this Appeal is denied, the final option available to the inmate is filing an appeal with the Executive Director of the IGO within thirty days.   <u>Id.</u> A claim which has not been exhausted may not be considered by this Court.   <u>Jones v. Bock</u>, 549 U.S. 199, 219-20 (2007).

McDonald filed three ARPs with the Warden of NBCI relating to the incident on June 28, 2013.   (Randy Durst Decl. Ex. F, at 54, ECF No. 17-8).[4][5]   ARP NBCI-1869-13 alleged Defendants Keefer, Gordon, and Eric Durst subjected McDonald to verbal harassment and excessive force. (<u>Id.</u> at 54, 57-59).   The ARP was dismissed

---

[4] Unless otherwise noted, the Court shall cite to the pagination found in the electronic docketing system.
[5] McDonald also filed a fourth ARP, NBCI-1859-13, but the complaint was found to be repetitive with NBCI-1869-13.   <u>Id.</u>

pending an investigation by the Internal Investigative Unit. (Compl. at 2, ECF No. 1); (see also Randy Durst Decl., at 4, 6). Further, in his Complaint, McDonald admitted he did not appeal dismissal of this ARP. (Compl. at 2). The second ARP, NBCI-1867-13, alleged McDonald was in isolation confinement for ten days, in violation of prison policy, without a mattress, linen, and hygienic supplies. (Pls.' Mot. Summ. J. Ex. 5, ECF No. 22-1). This ARP was returned to McDonald for more information, but he failed to resubmit it by the deadline, and no further action was taken. (Randy Durst Decl., at 54). The third ARP, NBCI-1857-13, alleged McDonald was denied his legal mail. (Pls.' Mot. Summ. J. Ex. 2, ECF No. 22-1). Again, this ARP was returned to McDonald for more information, but he failed to resubmit it by the deadline, and no further action was taken. (Randy Durst Decl., at 54). Therefore, none of McDonald's three ARPs in connection to the June 28, 2013 incident reached the second or third stages in the administrative remedies process.

McDonald insists that he took his ARPs to the IGO but "never received an answer," and that he has "certified mail receipts to prove this." (Pls.' Mem. Supp. Mot. Summ. J., at 5). McDonald, however, did not offer the receipts to the Court. "Without additional evidence or more specific facts," such a "generalized allegation is insufficient to demonstrate

administrative exhaustion under the PLRA and avert summary judgment." Chase, 286 F.Supp.2d at 528 n.9.

Additionally, even if McDonald did successfully appeal his ARPs to the IGO, his appeal would be dismissed because he did not exhaust available remedies within the Division of Correction by appealing his ARPs to the Commissioner. See Md. Code Corr. Serv. § 10-210(a) (requiring exhaustion before grievance can be considered by the IGO). Furthermore, none of the ARPs filed in relation to the June 28, 2013 incident alleges inadequate medical care due to McDonald being handcuffed in the back. Thus, McDonald's Eighth Amendment claims will be dismissed.

### 3.   Respondeat Superior

To the extent Chief of Security Arnald is named in his capacity as a supervisory official, the claim likewise fails. It is well established that the doctrine of respondeat superior does not apply in § 1983 claims. Love-Lane v. Martin, 355 F.3d 766, 782 (4th Cir. 2004). Liability of supervisory officials "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" Baynard v. Malone, 268 F.3d 228, 235 (4th Cir. 2001) (citing Slakan v. Porter, 737

F.2d 368, 372 (4th Cir. 1984)). Supervisory liability under §

1983 must be supported with evidence that:

> (1) the supervisor had actual or
> constructive knowledge that his subordinate
> was engaged in conduct that posed a
> pervasive and unreasonable risk of
> constitutional injury to citizens like
> [McDonald]; (2) the supervisor's response
> to the knowledge was so inadequate as to
> show deliberate indifference to, or tacit
> authorization of, the alleged offensive
> practices; and (3) there was an affirmative
> causal link between the supervisor's
> inaction and the particular constitutional
> injury suffered by [McDonald].

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal

quotation marks omitted). McDonald has provided no evidence

establishing any of Shaw's three requirements. Thus, the claims

against Defendant Arnald will be dismissed.

####     4.   Eleventh Amendment

Defendants Arnald, Gordon, Keefer, Eagleson, and Eric

Durst, sued as individually-named Defendants in their official

capacity, are immune from suit and any claim against them stated

as such is subject to dismissal. The Eleventh Amendment

immunizes states from suit brought in federal court absent

waiver from the state or a clear congressional exercise of its

power under the Fourteenth Amendment. Will v. Mich. Dep't of

State Police, 491 U.S. 58, 66 (1989). The State of Maryland has

not expressly waived its immunity under the Eleventh Amendment

to such suits.   A suit against a state officer in his official capacity is the equivalent to a suit against the state itself. See Brandon v. Holt, 469 U.S. 464, 471-72 (1985).   Thus, the claims against Defendants Arnald, Gordon, Keefer, Eagleson, and Eric Durst in their official capacity will be dismissed.[6]

**5.   McDonald's Motion for Recusal**

McDonald argues there is a need for recusal because the Court denied his Motion to Subpoena.   The Court disagrees.

The Court's denial of McDonald's Motion to Subpoena has no bearing whatsoever on impartiality.   As mentioned above, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."   Lentz, 524 F.3d at 530 (citations and internal quotation marks omitted).   "[W]hile recusal motions serve an important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor," which is what McDonald is attempting here.   Belue, 640 F.3d at 574.   Thus, McDonald's Motion for Recusal will be denied.

**III. Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (ECF No. 17),

---

[6] Because McDonald's claims cannot be considered by the Court under § 1983 or the Eleventh Amendment, the Court will not address McDonald's claims on the merits.

13

construed as Motion for Summary Judgment, will be GRANTED, McDonald's Motion for Summary Judgment in Response to Defendant's Motion to Dismiss (ECF No. 22) will be construed as a response in opposition to the Defendants' Motion, and his Motion for Recusal (ECF No. 23) will be DENIED. Summary judgment will be entered in Defendants' favor. A separate Order will follow.[7]


July 17, 2014                              /s/
                              _____
                              George L. Russell, III
                              United States District Judge

---

[7] Having found no constitutional violation, the Court need not address Defendants' argument of qualified immunity. Additionally, to the extent the Complaint can be construed as raising state law claims, the Court declines to exercise supplemental jurisdiction. See 28 U.S.C. § 1367(c)(3) (2012); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).